**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4799

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRITZ ST. LOUIS, a/k/a Davinci,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:15-cr-00002-BO-1)

Submitted: June 14, 2019                                    Decided: August 2, 2019

Before GREGORY, Chief Judge, and FLOYD and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fritz St. Louis appeals the district court's judgment revoking his supervised release and imposing a sentence of 21 months in prison. The district court found by a preponderance of the evidence that he violated his supervised release conditions as alleged in the probation officer's amended motion for revocation. The probation officer calculated that his policy statement range was 18 to 24 months in prison. The district court sentenced St. Louis to 21 months in prison, correctly explaining that it was "the mid-level of his guideline." On appeal, St. Louis argues the district court committed procedural error, because it "did not indicate that it computed the advisory Guideline range" or adequately explain why a 21-month sentence was appropriate. We affirm.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation omitted). In determining whether a sentence is reasonable, we are informed by the same procedural and substantive considerations that guide our review of original sentences, but we strike a more deferential appellate posture. *Id.* (citations omitted). The district court retains broad discretion to impose a term of imprisonment up to the statutory maximum. *Id.* (citations omitted). In exercising this discretion, the district court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). A sentence within the policy statement range is "presumed reasonable." *Id.* at 642. "'[W]e review the district court's sentencing procedure for

abuse of discretion, and must reverse if we find error, unless we can conclude that the error was harmless.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014) (quoting *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010)).

"A [district] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still 'must provide a statement of reasons for the sentence imposed.'" *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (citation omitted). "[S]ome cases require only a brief explanation of the sentencing judge's conclusions, such as when a judge 'appl[ies] the Guidelines to a particular case' because the case is typical and 'the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case.'" *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (quoting *Rita v. United States*, 551 U.S. 338, 356-57 (2007)). Where a defendant "'presents nonfrivolous reasons for imposing a different sentence' the judge 'will normally go further and explain why he has rejected those arguments.'" *Id.* at 518-19 (quoting *Rita*, 551 U.S. at 357).

When imposing a revocation sentence, the district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017). "[I]n determining whether there has been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum" but also consider "[t]he context surrounding a district court's explanation." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

3

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing St. Louis to 21 months in prison. He argues that the court "did not indicate that it computed the advisory Guideline range," but it explicitly stated that its sentence of 21 months was "the mid-level of his guideline"; and St. Louis does not dispute that his policy statement range was in fact 18 to 24 months. We further conclude that the court adequately addressed his nonfrivolous arguments and sufficiently explained its sentencing decision. The court explained his record on supervised release showed that he had not changed, and his prior prison sentence did not deter him from continuing his criminal behavior. The court also rebutted his argument that he had made progress by working part-time for a moving company, noting he was still selling drugs.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*